BILL LOCKYER, Attorney General
of the State of California
THEODORA BERGER, State Bar No. 050108
Assistant Attorney General
KEN ALEX, State Bar No. 111236
Supervising Deputy Attorney General
BRETT J. MORRIS, State Bar No. 158408
JANILL L. RICHARDS, State Bar No. 173817
Deputy Attorneys General
1515 Clay Street, 20th Floor
Oakland, California 94612-1413
Telephone (510) 622-2100

Attorneys for Plaintiff Department of Toxic Substances Control

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br><br>Plaintiff,<br><br>v.<br><br>WITCO CORPORATION, et al.,<br><br>Defendants. | NO. CIV F-98-6264 OWW/TAG<br><br>**JOINT STATUS REPORT OF DTSC, CROMPTON CORPORATION, AND THE DOW CHEMICAL COMPANY AND REQUEST FOR STATUS CONFERENCE;**<br><br>**ORDER SETTING STATUS CONFERENCE** |

This joint status report is submitted on behalf of plaintiff the Department of Toxic Substances Control ("DTSC") and defendants Crompton Corporation ("Crompton") and the Dow Chemical Company ("Dow").

**Status of the Litigation and Parties**

This case involves property contaminated by the drum reconditioning operations of San Joaquin Drum Company ("SJDC") in Bakersfield, California. DTSC is concerned about two parcels: the main SJDC site, 3930 Gilmore Avenue; and a parcel across the street from the main site allegedly used by SJDC to store drums, 3213 Gibson Street (the "Cady Property").

DTSC brought this action against six defendants: Crompton (then Witco Corporation), Dow, Chevron U.S.A., Inc. ("Chevron"), Western Farm Services, Inc. ("Western Farm"), Helt

1  Petroleum ("Helt") and Clifford Pitts.  DTSC dismissed its claims against Helt, a defunct
2  corporation without assets, on September 3, 1999.  DTSC's claims against Chevron and Western
3  Farm have been resolved by settlement.  The Court entered Consent Decrees effectuating these
4  settlements on March 15, 2004, and August 30, 2005, respectively.  On DTSC's request, the
5  clerk entered Clifford Pitts's default on February 26, 2004.  Only DTSC's claims against
6  Crompton and Dow remain pending.  Currently, the matter is stayed to allow time for Chevron
7  to complete its clean up and investigative work at the main SJDC site and the remaining parties
8  to continue their settlement discussions.  DTSC expects that, pursuant to the approved
9  settlement agreement, Western Farm will commence its investigation at the Cady Property in the
10  coming weeks.

### Results of the Investigation of the Main Site

Pursuant to the Chevron/DTSC settlement, Chevron conducted certain investigative and clean up work at the main SJDC site.  Chevron removed the majority of the remaining structures and contaminated soil at the main site and installed groundwater monitoring wells. Chevron's work has substantially reduced the remaining work that must be done at the main site.  The data from Chevron's investigation show that there is some contamination of ground water at and near the site.  The contaminants of concern in ground water that are above regulatory action levels are lead and arsenic; because of their chemical properties, these contaminants do not, however, tend to move quickly downgradient in ground water and any contamination is therefore likely localized.  The pesticide DDE is also present in ground water, but at concentrations below regulatory action levels.  During its work, Chevron discovered an additional on-site well that may have been used by SJDC for disposal.  Chevron is in the process of closing that well.

### Investigation of the Cady Property

Pursuant to the settlement between Western Farm and DTSC, Western Farm will begin its investigative work at the Cady Property shortly.  The investigation will take a phased approach, subsequent phases contingent on the results of the preceding phases.  In addition, Western Farm Service will pay at least $200,000, and up to $300,000, toward DTSC's costs.

Western Farm's work plan is due by the end of September 2005.  DTSC estimates that it

1  may be able to approve the work plan by the end of October.  The investigation
2  may start as soon as mid-November 2005.  DTSC estimates that it may have preliminary results
3  of at least the first phase of investigation by January 2006.  The information from investigation
4  of the Cady Property may assist the remaining parties in reaching resolution without resort to
5  further litigation.

6  **Potential for Resolution of Claims Without Further Litigation**

7  As noted, defendant Clifford Pitts is in default.  The parties are considering whether,
8  under the circumstances of this case, a default judgment would be appropriate.  They may file a
9  motion with this court in the coming weeks seeking entry of a separate default judgment against
10 Mr. Pitts.

11 The only two defendants that have appeared and are still part of the case are Crompton
12 and Dow.  Crompton, Dow and DTSC believe that once the data from the Cady Property
13 investigation is available, it is likely that they will be able to resolve the remaining claims in this
14 case without resort to further litigation.

15 **Parties' Request for Further Stay of Action and Status Conference**

16 For the foregoing reasons, Crompton, Dow and DTSC respectfully request that the Court
17 extend the stay of litigation currently in place until March 1, 2006, and set a further status
18 conference in this case for February 15, 2006, at 8:45 a.m.  The parties will file a joint statute
19 conference statement by February 1, 2006.

20 Dated:  September 19, 2005          BILL LOCKYER
                                       Attorney General
21                                     THEODORA BERGER
                                       Assistant Attorney General
22                                     KEN ALEX
                                       Supervising Deputy Attorney General
23                                     BRETT J. MORRIS
                                       JANILL L. RICHARDS
24                                     Deputy Attorneys General

25                           By: _____

26                                     Janill L. Richards
                                       Deputy Attorney General
27                                     Attorneys for Plaintiff DEPARTMENT OF TOXIC
                                       SUBSTANCES CONTROL
28

| | | |
|---|---|---|
| Dated: September __, 2005 | | PILLSBURY WINTHROP SHAW PITTMAN, LLP<br>SARAH G. FLANAGAN<br>JACOB R. SORENSEN<br>50 Fremont Street<br>Post Office Box 7880<br>San Francisco, CA  94120-7880 |
| | By: | |
| | | Sarah G. Flanagan<br>Attorneys for Defendant CROMPTON CORPORATION |
| Dated: September 19, 2005 | | PAUL, HASTINGS, JANOFSKY & WALKER LLP<br>JOHN P. PHILLIPS<br>55 Second Street, Twenty-Fourth Floor<br>San Francisco, CA  94105-3441 |
| | By: | FOR |
| | | John P. Phillips<br>Attorneys for Defendant THE DOW CHEMICAL COMPANY |

///

**ORDER**

IT IS ORDERED that the stay currently in place shall be extended to March 1, 2006.  A further status conference shall be held February 15, 2006, at 8:45 a.m.  The parties may appear telephonically.  A supplemental status report shall be filed with the Court by February 1, 2006.

Dated: _September 23_, 2005

/s/ OLIVER W. WANGER

_____
Oliver W. Wanger
UNITED STATES DISTRICT JUDGE