1   BILL LOCKYER, Attorney General
    of the State of California
2   THEODORA BERGER, State Bar No. 050108
    Assistant Attorney General
3   KEN ALEX, State Bar No. 111236
    Supervising Deputy Attorney General
4   BRETT J. MORRIS, State Bar No. 158408
    JANILL L. RICHARDS, State Bar No. 173817
5   Deputy Attorneys General
    1515 Clay Street, 20th Floor
6   Oakland, California 94612-1413
    Telephone (510) 622-2100
7
    Attorneys for Plaintiff Department of Toxic Substances Control
8

9                   UNITED STATES DISTRICT COURT

10                  EASTERN DISTRICT OF CALIFORNIA

11

12  DEPARTMENT OF TOXIC SUBSTANCES          )   NO.  CIV F-98-6264 OWW/TAG
    CONTROL,                                )
13                                          )   **JOINT STATUS REPORT;**
                                            )   **ORDER SETTING FURTHER**
14              Plaintiff,                  )   **STATUS CONFERENCE**
    v.                                      )
15                                          )   Date:     June 14, 2006
                                            )   Time:     8:45 a.m.
16  WITCO CORPORATION, et al.,              )   Court:    Courtroom 3
                                            )
17  Defendants.                             )   Hon. Oliver W. Wanger
                                            )
18                                          )   ***Telephonic Appearances Requested***
    _____)
19

20          This joint status report is submitted on behalf of plaintiff the Department of Toxic

21  Substances Control ("DTSC") and defendants Chemtura Corporation (previously Crompton

22  Corporation) ("Chemtura") and the Dow Chemical Company ("Dow").

23          <u>Status of the Litigation and Parties</u>

24          This case involves property contaminated by the drum reconditioning operations of San

25  Joaquin Drum Company ("SJDC") in Bakersfield, California.  DTSC is concerned about two

26  parcels:  the main SJDC site, 3930 Gilmore Avenue; and a parcel across the street from the main

27  site allegedly used by SJDC to store drums, 3213 Gibson Street (the "Cady Property").

28          DTSC brought this action against six defendants:  Chemtura (then Witco Corporation),

1   Dow, Chevron U.S.A., Inc. ("Chevron"), Western Farm Services, Inc. ("Western Farm"), Helt

2   Petroleum ("Helt") and Clifford Pitts (operator of San Joaquin Drum Company and owner of

3   3930 Gilmore Avenue).  DTSC dismissed its claims against Helt, a defunct corporation without

4   assets, on September 3, 1999.  DTSC's claims against Chevron and Western Farm have been

5   resolved by settlement.  The Court entered Consent Decrees effectuating these settlements on

6   March 15, 2004, and August 30, 2005, respectively.  On DTSC's request, the clerk entered

7   Clifford Pitts's default on February 26, 2004.  On Chemtura's request, the clerk subsequently

8   entered Clifford Pitt's default.  Only DTSC's claims against Chemtura and Dow remain pending.

9   　　　　Chevron has completed its clean up and investigative work at the main SJDC site.  Since

10   the parties' last status report, filed January 26, 2006, Western Farm has completed Phase I of its

11   investigation at the Cady Property and is in the process of finalizing its final Phase I report;

12   Western Farm will then proceed to Phase II, which involves further soil investigation at those

13   Phase I locations where screening levels were exceeded.

14   　　　　This action is currently stayed until July 3, 2006.

15   　　　　**Results of the Investigation of the Main Site**

16   　　　　As reported in previous status reports, Chevron conducted certain investigative and clean

17   up work at the main SJDC site as required by the Chevron/DTSC settlement.  Chevron's work

18   has substantially reduced the remaining work that must be done at the main site.  The data from

19   Chevron's investigation show that there is some contamination of ground water at and near the

20   site.  The contaminants of concern in ground water that are above regulatory action levels are

21   lead and arsenic; because of their chemical properties, these contaminants do not, however, tend

22   to move quickly downgradient in ground water and any contamination is therefore likely

23   localized.  The pesticide DDE is also present in ground water, but at concentrations below

24   regulatory action levels.

25   ///

26   ///

27   ///

28   ///

1    **Investigation of the Cady Property**

2         Pursuant to the settlement between Western Farm and DTSC, Western Farm is in the

3    process of conducting phased investigative work at the Cady Property, with subsequent phases

4    contingent on the results of the preceding phases.  In addition, Western Farm Service will pay at

5    least $200,000, and up to $300,000, toward DTSC's costs.

6    **Parties' Request for Further, Final Stay of Action and Status Conference**

7         The only two defendants that have appeared and are still part of the case are Chemtura

8    and Dow.  Chemtura, Dow and DTSC believe that once the data from the Cady Property

9    investigation is available, it is likely that they will be able to resolve the remaining claims in this

10   case without resort to further litigation.  Though the investigation of the Cady Property is well

11   underway, it will, however, take many more months to complete.  Moreover, it is possible that

12   the investigation may encounter unanticipated delays.

13        Chemtura, Dow and DTSC acknowledge that this case has been open and on the Court's

14   docket for a substantial period of time.  Chemtura, Dow and DTSC have met and conferred and

15   believe that the most efficient course of action would be as follows:  Chemtura, Dow and DTSC

16   enter into tolling agreements addressing DTSC's claims; DTSC and Chemtura request entry of a

17   default judgment against Clifford Pitts; and, thereafter, the Court enters default judgment against

18   Clifford Pitts for the value of 3930 Gilmore Avenue and dismisses DTSC's complaint in this

19   action against Chemtura and Dow without prejudice.  Chemtura, Dow and DTSC can then work

20   to resolve this matter without requiring the ongoing attention of this Court.

21        Provided that the Court agrees with the proposed course of action, to allow Chemtura,

22   Dow and DTSC time to complete the tasks outlined in the previous paragraph, Chemtura, Dow

23   and DTSC respectfully request that the Court extend the stay of litigation currently in place until

24   September 20, 2006, and set a further status conference in this case for September 13, 2006, at

25   8:45 a.m.  The parties will file a joint status conference statement August 30, 2006.

26   ///

27   ///

28   ///

1   Dated:  June 1, 2006                   BILL LOCKYER
                                                   Attorney General

2                                                      THEODORA BERGER
                                                     Assistant Attorney General

3                                                      KEN ALEX
                                                     Supervising Deputy Attorney General

4                                                      BRETT J. MORRIS
                                                     JANILL L. RICHARDS

5                                                      Deputy Attorneys General

6                            By:     /s/ Janill L. Richards

7                                                        Janill L. Richards
                                                     Deputy Attorney General

8                                                      Attorneys for Plaintiff DEPARTMENT OF TOXIC
                                                     SUBSTANCES CONTROL

9

10   Dated:  June 1, 2006                   PILLSBURY WINTHROP SHAW
                                                     PITTMAN, LLP

11                                                      SARAH G. FLANAGAN
                                                     JACOB R. SORENSEN

12                                                      50 Fremont Street
                                                     Post Office Box 7880

13                                                      San Francisco, CA  94120-7880

14                            By:     /s/ Janill L. Richards for Sarah G. Flanagan

15                                                        Sarah G. Flanagan
                                                     Attorneys for Defendant CHEMTURA

16                                                      CORPORATION

17   Dated:  June 1, 2006                   PAUL, HASTINGS, JANOFSKY
                                                     & WALKER LLP

18                                                      JOHN P. PHILLIPS
                                                     55 Second Street, Twenty-Fourth Floor

19                                                      San Francisco, CA  94105-3441

20                            By:      /s/ Janill L. Richards for John P. Phillips

21                                                        John P. Phillips
                                                     Attorneys for Defendant THE DOW CHEMICAL

22                                                      COMPANY

23

24

25

26

27

28

1

**ORDER**

2              IT IS ORDERED that the stay currently in place shall be extended to September 20, 2006.

3   A further status conference shall be held September 13, 2006, at 8:45 a.m.  The parties may

4   appear telephonically.  A supplemental status report shall be filed with the Court by August 30,

5   2006.

6   IT IS SO ORDERED.

7   **Dated:    June 1, 2006          **              **/s/ Oliver W. Wanger**
    emm0d6                                          UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28