BILL LOCKYER, Attorney General
of the State of California
THEODORA BERGER, State Bar No. 050108
Assistant Attorney General
KEN ALEX, State Bar No. 111236
Supervising Deputy Attorney General
BRETT J. MORRIS, State Bar No. 158408
JANILL L. RICHARDS, State Bar No. 173817
Deputy Attorneys General
1515 Clay Street, 20th Floor
Oakland, California 94612-1413
Telephone (510) 622-2100

Attorneys for Plaintiff Department of Toxic Substances Control

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br><br>Plaintiff,<br><br>v.<br><br>WITCO CORPORATION, et al.,<br><br>Defendants. | NO.  CIV F-98-6264 OWW/TAG<br><br>**STIPULATION AND ORDER DISMISSING CLAIMS AGAINST CHEMTURA CORP. AND THE DOW CHEMICAL COMPANY WITHOUT PREJUDICE**<br><br>Honorable Oliver W. Wanger |

As the Court is aware, this case has been pending since October 1998. The case involves property contaminated by the drum reconditioning operations of San Joaquin Drum Company ("SJDC") in Bakersfield, California at and near 39330 Gilmore Avenue.  As set forth in previous status reports, plaintiff the Department of Toxic Substances Control ("DTSC") is concerned about two parcels:  the main site, 3930 Gilmore Avenue; and a parcel across the street from the main site allegedly used by SJDC to store drums, 3213 Gibson Street (the "Cady Property").

DTSC brought this action against six defendants:  Chemtura Corporation (then Witco Corporation) ("Chemtura"), The Dow Chemical Company ("Dow"), Chevron U.S.A., Inc. ("Chevron"), Western Farm Services, Inc. ("Western Farm"), Helt Petroleum ("Helt") and

1  Clifford N. Pitts, the owner and operator of San Joaquin Drum Company and owner of the real
2  property at 3930 Gilmore Avenue.  DTSC dismissed its claims against Helt, a defunct corporation
3  without assets, on September 3, 1999.
4       Since the filing of the complaint, Chemtura, Dow, Chevron and Western Farm have
5  worked cooperatively with DTSC to investigate and address the release and threatened release of
6  hazardous substances attributable to the operations of San Joaquin Drum Company and have
7  worked to resolve DTSC's claims without resort to litigation.  For this reason, the Court has
8  granted the parties' repeated requests to stay the action.  The parties have been successful in
9  settling many of DTSC's claims.  DTSC's claims against Chevron and Western Farm have been
10 resolved by settlement.  The Court entered consent decrees effectuating these settlements on
11 March 15, 2004, and August 30, 2005, respectively.  On DTSC's request, the Clerk entered
12 Clifford N. Pitts's default on the Second Amended Complaint on February 26, 2004.
13      As reported in previous status reports, Chevron conducted certain investigative and clean
14 up work at the main SJDC site as required by the settlement and consent decree.  Chevron's work
15 has substantially reduced the remaining work that must be done at the main site.  In addition,
16 Western Farm has completed Phase I of its investigation at the Cady Property and is in the
17 process of finalizing its final Phase I report.  Western Farm will then proceed to Phase II, which
18 involves further soil investigation at those Phase I locations where screening levels were
19 exceeded.
20      Only the claims against Chemtura and Dow remain pending.  It is the intent of DTSC,
21 Chemtura and Dow to continue to work cooperatively to resolve DTSC's claims without resort to
22 further litigation.  The parties believe that there is a strong likelihood that they will reach
23 settlement once the parties have access to the results of Western Farm's investigation of the Cady
24 Property without further need of the Court's time and resources.  For this reason, DTSC requests
25 that the Court dismiss its claims against Chemtura and Dow <u>without prejudice</u>.  If the parties are
26 successful in their negotiations, DTSC will file a new complaint against Chemtura and Dow only,
27 together with the appropriate settlement agreements and proposed consent decrees.
28      If the Court dismisses the claims against Chemtura and Dow without prejudice, and at the

same time enters a default judgment against Clifford N. Pitts pursuant to DTSC's request, filed concurrently, all claims in this matter will be resolved, and this case may be closed.

For the foregoing reasons, DTSC requests that its claims against Chemtura and Dow be dismissed without prejudice. Chemtura and Dow consent and agree to such dismissal.

IT IS SO STIPULATED.

Dated: August 24, 2006

BILL LOCKYER
Attorney General
THEODORA BERGER
Assistant Attorney General
KEN ALEX
Supervising Deputy Attorney General
BRETT J. MORRIS
JANILL L. RICHARDS
Deputy Attorneys General

By:   /s/ Janill L. Richards

Janill L. Richards
Deputy Attorney General
Attorneys for Plaintiff DEPARTMENT OF TOXIC SUBSTANCES CONTROL

Dated: August 24, 2006

PILLSBURY WINTHROP SHAW PITTMAN, LLP
SARAH G. FLANAGAN
JACOB R. SORENSEN
50 Fremont Street
Post Office Box 7880
San Francisco, CA  94120-7880

By:   /s/ Janill L. Richards for Sarah G. Flanagan

Sarah G. Flanagan
Attorneys for Defendant CHEMTURA CORPORATION

Dated: August 24, 2006

PAUL, HASTINGS, JANOFSKY & WALKER LLP
JOHN P. PHILLIPS
55 Second Street, Twenty-Fourth Floor
San Francisco, CA  94105-3441

By:    /s/ Janill L. Richards for John P. Phillips

John P. Phillips
Attorneys for Defendant THE DOW CHEMICAL COMPANY

**ORDER**

Pursuant to the request of the Department of Toxic Substances Control ("DTSC"), and on the stipulation of Chemtura Corporation ("Chemtura") and The Dow Chemical Company ("Dow"), IT IS ORDERED that the claims of DTSC in this action against Chemtura and against Dow be dismissed without prejudice.

IT IS SO ORDERED.

**Dated:   August 30, 2006**              /s/ Oliver W. Wanger
emm0d6                                                    UNITED STATES DISTRICT JUDGE