1  BILL LOCKYER, Attorney General
   of the State of California
2  THEODORA BERGER, State Bar No. 050108
   Assistant Attorney General
3  KEN ALEX, State Bar No. 111236
   Supervising Deputy Attorney General
4  BRETT J. MORRIS, State Bar No. 158408
   JANILL L. RICHARDS, State Bar No. 173817
5  Deputy Attorneys General
   1515 Clay Street, 20th Floor
6  Oakland, California 94612-1413
   Telephone (510) 622-2100
7
   Attorneys for Plaintiff Department of Toxic Substances Control
8

FILED

MAR 0 7 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

9
                    UNITED STATES DISTRICT COURT
10
                    EASTERN DISTRICT OF CALIFORNIA
11

12  DEPARTMENT OF TOXIC SUBSTANCES    )    NO. CIV F-98-6264 OWW/TAG
    CONTROL,                          )
13                                    )    [PROPOSED] DEFAULT
                                      )    JUDGMENT AGAINST
14              Plaintiff,            )    CLIFFORD N. PITTS dba SAN
        v.                            )    JOAQUIN DRUM COMPANY
15                                    )
                                      )    (Fed. R. Civ. P. 55(b)(2))
16  WITCO CORPORATION, et al.,        )
                                      )
17              Defendants.           )
                                      )
18                                    )
                                      )
19  _____)

20      This case involves property contaminated by the drum reconditioning operations of an

21  unincorporated and now defunct business referred to as "San Joaquin Drum Company" in

22  Bakersfield, California. Plaintiff the Department of Toxic Substances Control ("DTSC") has

23  filed an Application for Default Judgment against Clifford N. Pitts, the owner and operator of

24  San Joaquin Drum Company, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

25      After considering all of the papers submitted in connection with DTSC's Application for

26  Default Judgment, the Court adopts in full the Magistrate Judge's October 3, 2006 Report and

27  Recommendations and finds as follows:

28  ///

1. DTSC filed the original complaint in this action on October 30, 1998. DTSC filed a First Amended Complaint adding Chevron U.S.A., Inc. as an additional defendant on August 5, 1999. The operative complaint is the Second Amended Complaint, filed June 25, 2003. DTSC alleged that Clifford N. Pitts owned and operated a drum reconditioning business referred to as San Joaquin Drum Company, located at 3930 Gilmore Street, Bakersfield, Kern County, California, Assessor's Parcel Number 332-161-17-00-4, from approximately 1967 through 1986. DTSC further alleged that the drum reconditioning business caused the release and threatened release of hazardous substances. DTSC sought costs for the recovery of removal of hazardous substances, and remedial and other response costs, caused by the release or threatened release of hazardous substances pursuant to section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. section 9601 *et seq.* DTSC also sought injunctive relief pursuant to section 7002 of the Resources and Conservation Recovery Act ("RCRA"), 42 U.S.C. section 6972, and section 58009 of the California Health & Safety Code.

2. DTSC properly served Clifford N. Pitts with the original complaint and summons by personal service, with the First Amended Complaint by mail, and with the Second Amended Complaint by personal service.

3. Pitts did not respond to the original complaint. On March 25, 1999, the Clerk entered Pitts' default on the original complaint. Pitts did not respond to the First Amended Complaint. Pitts did not respond to the Second Amended Complaint. On February 26, 2004, the Clerk entered Pitts' default on the Second Amended Complaint.

4. Clifford N. Pitts is not a minor, an incompetent person, or a current member of the military service.

5. Clifford N. Pitts did not appear in this action.

6. DTSC has established that Clifford N. Pitts is liable to DTSC for response costs under CERCLA in the amount of $100,000.

7. This judgment shall bear interest at the judgment rate from the date of entry until paid.

8. All relief not expressly granted is denied.

Dated: 3-6- , 2007

_____
Oliver W. Wanger
UNITED STATES DISTRICT JUDGE

DEFAULT JUDGMENT AGAINST CLIFFORD N. PITTS dba SAN JOAQUIN DRUM COMPANY
3.